UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOE LOUIS AMERSON                                                                                    PETITIONER

VS.                                                             CIVIL ACTION NO. 4:10CV203CWR-FKB

STATE OF MISSISSIPPI AND                                                                          RESPONDENTS
COMMISSIONER CHRISTOPHER B. EPPS

REPORT AND RECOMMENDATION

This matter is before the Court on the Respondents' Motion to Dismiss (Docket No. 5) pursuant to 28 U.S.C. § 2244(d). Petitioner opposes the motion, and for the reasons explained below, the undersigned recommends that the Motion to Dismiss be **granted**.

FACTS AND PROCEDURAL HISTORY

On August 26, 2004, Amerson pled guilty to robbery in the Circuit Court of Lauderdale County, Mississippi. The same day, he was sentenced as a habitual offender, receiving a fifteen-year term of imprisonment in the custody of the Mississippi Department of Corrections without the possibility of parole. By statute, there is no direct appeal from a guilty plea. See Miss. Code Ann. § 99-35-101 ("Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.").

On January 16, 2009, Amerson filed in the circuit court a petition for post-conviction relief. The circuit court dismissed the motion as untimely and without merit on February 12, 2009. Amerson appealed the dismissal and on February 16, 2010, the Mississippi Court of Appeals affirmed the dismissal. Thereafter, on December 2, 2010, pursuant to the "mailbox rule," Amerson filed in this

Court his petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. See 28 U.S.C. 2244(d)(2).

## DISCUSSION

In his petition, Amerson argues that the writ of habeas corpus should be granted in his favor because his sentence under Mississippi's habitual offender statute was illegal and because his substantial rights have been violated. Respondents did not answer the petition, but instead have moved for dismissal on the ground that the petition is untimely. In light of the Court's conclusion that the Respondents' motion is to be granted, it will not address the substantive issues presented in Amerson's petition.

Respondent points to the revised 28 U.S.C. § 2244(d) as the basis for their motion. Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing

of a federal habeas petition.  Because Amerson filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition.  Asserting that Amerson's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B)-(D), the Respondent argues that his petition is untimely.  According to Respondents, Amerson had until September 26, 2006 in which to timely file his petition in this court, and, instead, he filed it on December 2, 2010.  The Court's review of the relevant dates demonstrates that Respondents are correct.

Amerson pled guilty and was sentenced on August 26, 2004.  Although there is, as mentioned above, a statutory prohibition against appeals from guilty pleas, the Mississippi Supreme Court has established an exception in cases alleging an illegal sentence.  See Burns v. State, 344 So. 2d 1189 (Miss. 1977) (establishing rule that Mississippi Supreme Court had jurisdiction to hear appeal attacking sentence).   Pursuant to the exception, Amerson had thirty days in which to file his appeal with the Mississippi Supreme Court.  As noted, Amerson did not perfect an appeal within thirty days.  Accordingly, the undersigned agrees with the Respondents that petitioner's conviction became final and the statute of limitations for filing federal habeas relief began to run on September 25, 2004, thirty days after the entry of his guilty plea in the trial court.  Accordingly, without the benefit of tolling,[1] Amerson's petition was due in this Court on or before September 26,  2005.[2]  Amerson's  petition, filed in this Court on December 2, 2010, was over four years late.  Because Amerson's § 2254 petition was not filed in the district court by September 26, 2005, his petition is

---

[1] Amerson has not cited any "rare and exceptional circumstances" which would warrant equitable tolling.

[2] September 25, 2005 was a Sunday.

untimely under 28 U.S.C. § 2244 and must be dismissed.[3]

## CONCLUSION

Accordingly, for the reasons stated above, Respondents' motion to dismiss should be **granted,** and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED this the 3rd  day of June , 2011.

/s F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner responded to the motion. However, the arguments which he raised bear on the merits of his claims and his efforts in 2007 to timely file his state court motion for post-conviction relief. The Court cannot reach the merits of Amerson's time-barred petition, and the 2007 state court filing has no impact on the timeliness of Amerson's petition in this Court. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis in original) (state habeas application filed more than one year after the petitioner's judgment became final does not "toll the limitation period under § 2244(d)(2)").