IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOE LOUIS AMERSON**                                                                    **PETITIONER**

vs.                                                            **Civil Action No. 4:10-cv-203-CWR-FKB**

**STATE OF MISSISSIPPI AND
COMMISSIONER CHRISTOPHER B. EPPS**                          **RESPONDENTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter is before the Court on Petitioner's written objection to the the Report and Recommendation of United States Magistrate Judge Keith Ball wherein the magistrate judge has recommended to grant the Motion to Dismiss filed by Respondents. Having given full consideration to the proposed findings and recommendation and the arguments presented by the Petitioner, the Court finds the objection not well taken. Accordingly, the Report and Recommendation of the United States Magistrate Judge is hereby adopted as the order of this Court and the motion to dismiss is GRANTED.

## FACTS AND PROCEDURAL HISTORY

On August 26, 2004, Amerson pled guilty to robbery in the Circuit Court of Lauderdale County, Mississippi. The same day, he was sentenced as a habitual offender, receiving a fifteen-year term of imprisonment in the custody of the Mississippi Department of Corrections without the possibility of parole.

On January 16, 2009, Amerson filed in the circuit court a petition for post-conviction relief.[1] The circuit court dismissed the motion as untimely and without merit on February 12, 2009.

---

[1] By statute, there is no direct appeal from a guilty plea. See Miss. Code Ann. § 99-35-101. Mississippi Supreme Court has established an exception in cases alleging an illegal sentence. See *Burns v. State*, 344 So. 2d 1189 (Miss. 1977). Pursuant to that exception, Amerson had thirty days in which to file his appeal with the Mississippi Supreme Court. Based on the reasons discussed *supra*, this exception does not provide Amerson with the relief he seeks.

Amerson appealed the dismissal and on February 16, 2010, the Mississippi Court of Appeals affirmed the dismissal. Thereafter, on December 2, 2010, pursuant to the "mailbox rule," Amerson filed in this Court, his petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. See 28 U.S.C. 2244(d)(2). Respondents countered that the petitioner's motion was untimely and should be dismissed. The magistrate judge agreed on June 9, 2011. On June 21, 2011, the Petitioner timely filed his objections to the magistrate judge's ruling.

## DISCUSSION

In Petitioner's initial habeas petition, he raises several grounds for relief. Respondents filed a motion to dismiss the petition pursuant to 28 U.S.C. § 2244(d), and contends that the statute of limitations for this petition has run. In response, Amerson asserts, *inter alia*, that his appeal was timely, Mississippi's habitual offender state was illegal, and that his substantial rights have been violated. He takes these same positions in making objections to the magistrate's order as well. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest off- -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or

>claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Here, as the magistrate judge noted, the AEDPA is applicable and Amerson had until September 26, 2005 in which to timely file his petition in this Court.  Although Amerson adamantly contests the barring of his appeal in the Mississippi Courts, as well as the merits of his conviction, his motion filed on December 2, 2010 in this Court is untimely.  In light of the foregoing, this Court adopts and affirms the ruling of the magistrate judge in this cause.

For these reasons, as well as the reasons set forth in the magistrate judge's report and recommendation, the undersigned finds that Amerson's petition should be dismissed as untimely under 28 U.S.C. 2244(d).  The Court hereby adopts the Report and Recommendation of the magistrate judge as the order of the Court.

SO ORDERED, this the 21st day of March, 2012.

> s/Carlton W. Reeves
> UNITED STATES DISTRICT JUDGE